ROD DANIELSON, Chapter 13 Trustee
3787 University Avenue
Riverside, CA 92501-3332
(951) 826-8000   FAX (951) 826-8090

Chapter 13 Trustee

FOR COURT USE ONLY

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

**IN RE**

James Lee Mcconnell

DEBTOR

**CHAPTER 13**
**CASE NO. 6:25-bk-10237-SY**

**TRUSTEE'S OBJECTION TO PLAN
CONFIRMATION AND REQUEST FOR
DISMISSAL OR CONVERSION TO CHAPTER 7**

**341A DATE/TIME:  February 19, 2025  9:00 am**
**CONF DATE/TIME: March 18, 2025  1:30 pm**
**3420 Twelfth St.**
**Courtroom: 302**
**Riverside, CA 92501**

The Chapter 13 Trustee hereby objects to confirmation of the plan in this case for the reasons set forth in Attachment A, incorporated herein by this reference.  The Trustee objects to the plan to the extent that it fails to comply with the mandatory provisions of the bankruptcy code, including but not limited to 11 U.S.C. §1322 and §1325, and any provisions governing disposable income, plan duration, and good faith.  The Trustee reserves the right to raise other objections in the course of plan confirmation.

Debtors and counsel are reminded:

1.   Failure to appear and prosecute this case at any confirmation hearing or initial or continued meeting of creditors may result in dismissal of the case, including dismissal with a 180-day bar to re-filing. 11 U.S.C. §1307(c), LBR 3015-1(c) and (d), 11 U.S.C. §109(g)(1).
2.   Failure to pay all required plan and mortgage payments timely and in the required amounts may result in dismissal of the case, including dismissal with a 180-day bar to re-filing.  LBR 3015-1(e) and (k)(4), 11 U.S.C. §§1326(a), 109(g)(1).
3.  Debtor is required to cooperate with the Chapter 13 Trustee.  11 U.S.C. §521(3).
4.   Any additional documents required to be submitted or requested by the Trustee herein or otherwise must be received by the Trustee not later than 5 business days following the initial 341(a) meeting of creditors.

WHEREFORE, the Chapter 13 Trustee hereby moves this court for its order denying confirmation and dismissing this case, including dismissal with a 180-day bar to re-filing, or converting the case to chapter 7, if appropriate.

DATED: February 27, 2025

/s/ Rod Danielson
Chapter 13 Trustee

FG:140 - 02/27/2025 - SJL

**ATTACHMENT A -** MCCONNELL

### Declaration of Rod Danielson in Support For
### Objection to Plan Confirmation and Request Dismissal

The Chapter 13 Trustee hereby objects to confirmation of the plan and requests dismissal or conversion of this case on the following grounds and for the following reasons:

The Notice of Hearing and copy of the plan were not served on all creditors nor filed with the Court.  [FRBP 2002(a)(9) and (b)(3); LBR 3015-1(b)(3)]

Debtor failed to treat the HOA in the plan  (an expense was listed on Schedule J, but the creditor is not disclosed on Schedule D).  Debtor has creditors Flex pay, Citibank, Navy Fed, Apple card, Goldman listed inappropriately in Class 5B, there is no justification for separate classification of these debts.  The creditors must be reclassified appropriately according to the description/instructions within each class in the plan.  The plan should be amended and served on all creditors with sufficient notice time.

Debtor's dispute with Wilmington must be resolved prior to confirmation of the case.

The Debtor must provide two months of the spouse's most recent paystubs. [LBR  3015-1(c)(3)]

Proof of income from all sources were not provided seven days before the  341(a) meeting as required.  The court approved contribution declaration, with the contributor's six months of proof of income attached, was not filed with the court. [LBR 3015-1(c)(3)]

The Debtor fails to list the amount of the exemption claimed on Schedule C for the real property and the box for 100% of fair market value should be unchecked.  Personal property is not exempted properly on Schedule C due to the Debtor's failure to list the specific code exemption to exempt property.  Schedule C must be amended. [11  U.S.C. §1325(a)(4)]

Currently, the plan proposes to pay  100% to all creditors.  If the plan is amended prior to confirmation to reduce the percentage, the Trustee would object because the Debtor has a monthly surplus that is greater than the plan payment proposed, the Debtor also has higher income than disclosed, and there are some unreasonably high expenses in the budget.  [11 U.S.C. §1325(b)(1)(b); Hamilton v. Lanning, 560 U.S. 505; 130 S. Ct. 2464 (2010)]

I declare under penalty of perjury that the foregoing is true and correct.  Signed and dated at Riverside, California on 02/27/2025.

/s/ Rod Danielson

Chapter 13 Trustee

| In re: **JAMES LEE MCCONNELL** | **Chapter: 13** |
|---|---|
| Debtor(s) | Case Number:<br>**6:25-bk-10237-SY** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 3787 University Avenue, Riverside, CA 92501.

A true and correct copy of the foregoing document entitled: **TRUSTEE'S OBJECTION TO PLAN CONFIRMATION AND REQUEST FOR DISMISSAL OR CONVERSION TO CHAPTER 7** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR  5005-2(d); and **(b)** in the manner indicated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Orders LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **02/27/2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
**US Trustee: ustpregion16.rs.ecf@gov.com**

☐ Service Information continued on attached pa

**2.   SERVED BY UNITED STATES MAIL** :
On **02/27/2025,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here contitutes a declaration that mailing to the judge  will be completed no later than

Debtor
JAMES LEE MCCONNELL
34 CORTE RIVERA
LAKE ELSINORE, CA
92532

HONORABLE SCOTT H. YUN
3420 TWELFTH ST, SUITE 345
RIVERSIDE, CA 92501-3819

☐ Service Information continued on attached pa

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served ): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on _____ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method ), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal

☐ Service Information continued on attached pa

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| ___02/27/2025___ | ___/s/ Susan Jones___ |
|---|---|
| Date | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.
FG: 140 - SJL
June 2012

**F 9013-3.1.PROOF.SERVICE**