David Coats (SBN 295684)
dacoats@raslg.com
**ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLP**
1 Park Plaza, Suite 600
Irvine, CA 92614
Telephone: (470) 321-7112

*Attorneys for Creditor,*
*The Bank of New York Mellon, formerly known as*
*The Bank of New York, not in its individual*
*capacity but solely as Trustee on behalf of the*
*holders of the CIT Mortgage Loan Trust, 2007-1*
*Asset-Backed Certificates, Series 2007-1*

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

|  |  |
|---|---|
| In re<br><br>James Lee McConnell,<br><br>Debtor. | Case No. 6:25-bk-10237-SY<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN OF REORGANIZATION**<br><br>**SUBJECT PROPERTY:**<br>34 Corte Rivera, Lake Elsinore, CA  92532<br>**CONFIRMATION HEARING:**<br>DATE:      March 18, 2025<br>TIME:      01:30 PM<br>PLACE:    3420 Twelfth St., Riverside, CA 92501<br>CTRM:    302<br>JUDGE:    Scott H. Yun |

The Bank of New York Mellon, formerly known as The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, by and through its authorized loan servicing agent, Select Portfolio Servicing (collectively the "Creditor"), secured creditor of the above-entitled debtor, James Lee McConnell ("Debtor"), hereby objects to confirmation of the Chapter 13 Plan filed by the Debtor in the above-referenced matter.  The basis of the objection is stated below:

### I.      STATEMENT OF FACTS

On or about March 13, 2006, Debtor executed a promissory note in the original principal sum of $500,000.00(the "Note"), which was made payable to Wilmington Finance, Inc. CFL#6038777. ("Lender"). The Note was and remains secured by a recorded deed of trust (the "Deed of Trust") encumbering the real property located at 34 Corte Rivera Lake Elsinore, CA 92532 (the "Subject Property").  Subsequently, Lender's beneficial interest under the Deed of Trust was transferred to Creditor.

On January 17, 2025, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Central District of California – Riverside Division, and was assigned case number 6:25-bk-10237-SY.

On January 28, 2025, Debtor filed his Chapter 13 Plan ("Plan") which fails to provide for Creditor's claim entirely.  Creditor will file its proof of claim by the March 28, 2025 deadline. Creditor estimates that its proof of claim will show a pre-petition arrearage owing of approximately $104,112.09, along with ongoing monthly mortgage payments owing in the amount of $4,490.03. Therefore, even if Debtor amends his Plan, the Plan will not be feasible. Based on the foregoing reasons, the Plan cannot be confirmed.

## II.    ARGUMENT

**A.    DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED BECAUSE IT FAILS TO PROVIDE FOR SECURED CREDITOR'S CLAIM REQUIRED BY 11 U.S.C. § 1325(a)**

Pursuant to 11 U.S.C. § 1322(b)(5), the plan may provide for maintenance of payments while the case is pending on any . . . secured claim on which the last payment is due after the date on which the final payment under the plan is due.  Here, the Plan fails to include treatment of Creditor's claim. Based on the foregoing, the Plan fails to comply with the provisions of 11 U.S.C. § 1325 and cannot be confirmed.

**B.    DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED BECAUSE IT DOES NOT PROMPTLY CURE CREDITOR'S PRE-PETITION ARREARS AS REQUIRED BY 11 U.S.C. §1322(b)(5)**

Section 1325(a)(1) requires that "the plan complies with the provisions of this chapter and with the other applicable provisions of this title."  11 U.S.C. § 1325(a)(1).   Section 1322(b)(5)

requires that all chapter 13 plans must provide for the "curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due." Further, section 1322(b)(2) prohibits debtors from modifying the rights of secured creditor whose security interest is secured solely by the debtor's principal residence.

In the present case, the major deficiency with Debtor's Plan is that by failing to provide for Creditor's claim, the Plan also fails to provide for the pre-petition arrearage owing. Again, Creditor will file its proof of claim by the March 28, 2025 deadline. Creditor estimates that its proof of claim will show a pre-petition arrearage owing of approximately $104,112.09.

Accordingly, Debtor's Plan fails to meet the requirements of section 1325(a)(1) because it does not provide to promptly cure the **entire** outstanding balance of Creditor's arrearage claim as required by section 1322(b)(5). Based upon the foregoing, the Court should deny confirmation of the Debtor's Plan.

## C.  **DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED BECAUSE IT IS NOT FEASIBLE**

Finally, Debtor's Plan is not feasible. Creditor estimates the pre-petition arrears owing as approximately $104,112.09. This requires monthly pre-petition arrears payments of $1,735.20 per month. In addition to Debtor's ongoing monthly mortgage payments of $4,490.03, this means Debtor would need to pay Creditor a total of $6,225.23. However, according to Debtor's Schedule J, Debtor's net income is only $4,800.00/month. The bankruptcy estate does not have sufficient funds to pay the ongoing monthly mortgage payments and the pre-petition arrears owed Creditor. The Plan is therefore not feasible, and cannot be confirmed.

---

2 Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of Federal Rules of Bankruptcy Procedure, Creditor requests that the Court take judicial notice of the sworn bankruptcy schedules and other relevant documents filed in the instant case

**WHEREFORE**, Creditor respectfully requests:

1.      That the Court deny confirmation of the Debtor's Plan;

2.      For such other and further relief as this court deems just and proper

**ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLP**

Dated: March 4, 2025

/s/ *David Coats*

David Coats (SBN 295684)

*Attorneys for Creditor, The Bank of New York Mellon, formerly known as The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1 Park Plaza, Suite 600
Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*):
Objection to confirmation of Debtor's chapter 13 Plan of reorganization

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 03/ 04 /2025  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Rod Danielson (TR)   notice-efile@rodan13.com

United States Trustee (RS)  ustpregion16.rs.ecf@usdoj.gov

Theron S Covey   tcovey@raslg.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 03/ 04 /2025 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

James Lee McConnell
34 Corte Rivera
Lake Elsinore, CA 92532

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 03/4/ 2025 | Devin Atchison | /s/ Devin Atchison |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.